# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4453 | **DATE** | July 12, 2011 |
| **CASE TITLE** | Jermaine Martell Brooks (#2011-0407064) vs. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is denied without prejudice to Plaintiff submitting a completed application within 30 days from the date of this order. Alternatively, Plaintiff may pay the $350 filing fee. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that sufficiently states a valid claim. Failure to comply with this order within 30 days will result in dismissal of this case without prejudice. The clerk is directed to send to Plaintiff another *in forma pauperis* application and an amended complaint form, along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice. The clerk is directed to send a copy of this order to the Cook County Jail administrative office in the hopes that Plaintiff be placed on a list to receive religious-diet meals, if he is not already on such a list.

■ [For further details see text below.]          Docketing to mail notices.

## STATEMENT

    Plaintiff Jermaine Martell Brooks, currently incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 suit against Sheriff Tom Dart. Plaintiff alleges that his requests for a religious diet have been ignored. Plaintiff seeks to file his complaint *in forma puaperis* {"IFP") and for the appointment of counsel.

    Plaintiff's *in forma pauperis* application is incomplete, as it does not contain a copy of his trust fund account statement. The issue of the filing fee must be resolved before this Court can conduct a preliminary review of the complaint to determine whether it should proceed forward.

    Under the Prison Litigation Reform Act ("PLRA"), an incarcerated person must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* to proceed with a civil complaint. If the inmate is unable to prepay the filing fee, the Court will assess an initial partial payment, and allow deductions from his prison or jail trust fund account as additional partial payments until the entire filing fee is paid. A motion seeking IFP status must be on the Court's prescribed form, which requires both a certificate from an authorized officer attesting to the balance and monthly deposits to the account, as well as "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2); *see also* N.D. Ill. Local Rule 3.3. These documents are necessary for this Court to determine whether Plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. The current application does not contain a copy of Plaintiff's trust account statement. Accordingly, the current application is denied without prejudice to Plaintiff submitting a completed application within 30 days of the date of this order. The clerk is directed to forward an *in forma pauperis* application to Plaintiff.

    To proceed with this action, Plaintiff must either prepay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form. Failure to comply with this order within 30 days will result in dismissal of this action without prejudice.
**(CONTINUED)**

    isk

# STATEMENT

    The Court also notes that Plaintiff's complaint names Tom Dart as a Defendant, yet does not states that Dart was involved in any way with Plaintiff not receiving a religious diet. (*See generally* Complaint.) Plaintiff states that he complained to several officers and that he filled out religious diet request forms for the jail's food officers, yet Plaintiff does not name these individuals as Defendants. Tom Dart, as a supervisory official, cannot be held liable for the constitutional torts of subordinates unless he participated in some way with denying Plaintiff his rights. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Plaintiff should name the individuals at the jail who were responsible for him not receiving religious-diet meals. If Plaintiff does not know the identities of these persons, he may refer to them as John or Jane Doe and keep Tom Dart as a Defendant so that Plaintiff may conduct discovery to learn their identities. Although the current complaint cannot proceed, the Court directs the clerk to forward a copy of this letter to the administrative office at the Cook County Jail, which should be able to place Plaintiff on a religious-diet list, if he is not already on such a list.

    Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that either names the individuals responsible for him not receiving religious-diet meals or, if their identities are unknown, referring to them as John or Jane Doe and naming a supervisory official, such as Tom Dart, so that Plaintiff may conduct discovery to learn their names. Plaintiff is advised that an amended complaint replaces previous complaints, and the Court will refer only to the amended complaint when determining his claims and the parties to this suit. Plaintiff should thus include all of the claims he seeks to raise herein and name all of the Defendants he seeks to sue in the amended complaint. He must also include a judge's copy and a service copy for each Defendant of the amended complaint. Plaintiff's failure to submit an amended complaint within 30 days of the date of this order will result in summary dismissal of this case without prejudice.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff's case does not currently involve complex issues, complex discovery, or an evidentiary hearing, and her complaint demonstrates her ability, at least at this stage, to present her claims adequately. Accordingly, the motion for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).